IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY MORRIS,<br>　　　　　　Plaintiff<br><br>　vs.<br><br>DAVID BROKAW, PTL (Individually & in his Official Capacity); ROBERT LEHEW (Individually & in his Official Capacity; CHIEF OF POLICE (Individually & in his Official Capacity); TOWNSHIP OF WILKIN TOWNSHIP; WILKIN TOWNSHIP POLICE DEPARTMENT,<br>　　　　　　Defendants | ) <br> ) <br> ) <br> ) Civil Action No. 06-360 <br> ) Judge David Stewart Cercone/ <br> ) Magistrate Judge Amy Reynolds Hay <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

REPORT AND RECOMMENDATION

I.     Recommendation

     It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.     Report

     The plaintiff has presented a civil rights complaint against the defendants, asserting, *inter alia*, that they instituted a malicious prosecution against him. Plaintiff seeks to prosecute the action *in forma pauperis* ("IFP"). In connection with his IFP motion, plaintiff failed to include a certified copy of his inmate account statement, which precluded the Court from determining whether to grant or deny his IFP motion. Accordingly, this Court ordered plaintiff to supply this document on or before May 13, 2006. To date, plaintiff has failed to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders, which weighs heavily against him. Plaintiff's obligation to respond to the Court's two orders to provide the required documentation was not only solely his personal responsibility but his failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- because service has not yet been ordered there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of

these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Because plaintiff has failed to respond to two Orders of this Court it appears that he has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, plaintiff may file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:   14 June, 2006

cc:   Gregory Morris
      04488-748
      FCI Cumberland
      P.O. Box 1000
      Cumberland, MD 21501